**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 15-cv-01507-MSK

**AFFINITI COLORADO, LLC,**

 Plaintiff,

v.

**EAGLE-NET ALLIANCE,**

 Defendant.

## ORDER REMANDING CASE

**THIS MATTER** comes before the Court *sua sponte*. The Plaintiff, Affiniti Colorado, LLC, commenced this case in the District Court for the City and County of Broomfield, Colorado. The Complaint **(#2)** asserts claims for breach of contract and replevin. The Defendant, EAGLE-Net Alliance, removed the case to this Court.

A civil action is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Here, the Notice of Removal **(#1)** cites both 28 U.S.C. §1332 (diversity jurisdiction) and 28 U.S.C. § 1331 (federal-question jurisdiction) as the basis for federal subject-matter jurisdiction. As the party invoking the federal court's jurisdiction, the Defendant bears the burden of establishing that the requirements for the exercise of jurisdiction are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). The Court is required to remand "[i]f at any time before final judgment it appears that the [] court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Diversity jurisdiction exists when the case involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To meet the diversity requirement, there must be complete diversity between all plaintiffs and all defendants. In other words, no defendant can be a citizen from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015), the Tenth Circuit held that the citizenship of a limited liability company is determined by reference to the citizenship of each and every one of its members. Here, neither the Complaint nor the Notice of Removal provides any factual allegations with regard to who the members of the Plaintiff limited liability company are. Without allegations as to who the Plaintiff's members are and what their citizenship is, it is simply impossible to determine whether there is complete diversity between the parties. Thus, 28 U.S.C. § 1332 cannot provide a basis for subject-matter jurisdiction.

Federal-question jurisdiction exists for claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if its well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). To establish jurisdiction based on a substantial federal question, the Defendant must show that a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *See Becker v. Ute Indian Tribe*, 770 F.3d 944, 947 (10th Cir. 2014). This narrow branch of federal-question jurisdiction requires more than "the mere presence of a federal issue in a state cause of action. *Id.* If a claim does not present "a nearly pure issue of law" that would thereafter govern numerous cases, but rather is

"fact-bound and situation-specific," then federal-question jurisdiction will generally be inappropriate. *Id.* (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700-01 (2006)).

Here, the Plaintiff asserts purely state-law claims. The Complaint alleges, however, that the Defendant breached its contract with the Plaintiff by failing to comply with certain rules promulgated by the Federal Communications Commission (FCC) as required under the terms of the contract. The Defendant asserts that these allegations present a substantial federal question sufficient to establish federal-question jurisdiction. The Court finds to the contrary.

The face of the Complaint does not indicate that the breach of contract claim necessarily requires resolution of a disputed legal issue of federal law. Rather, the issue appears to be fact-specific and can be resolved by applying the relevant federal law in state court. Further, the federal question presented is not substantial because noncompliance with FCC regulations is only one of several theories that the Plaintiff asserts as the basis of its breach of contract claim.

Finally, the Defendant relies on the parties' agreement to argue that subject-matter jurisdiction exists because the parties have "agreed that litigation regarding [their] agreements would involve federal questions." The Court rejects this argument. Federal courts are courts of limited jurisdiction possessing only that power authorized by the Constitution and statute, and therefore, federal subject-matter jurisdiction cannot be consented to or waived. *See Becker*, 770 F.3d at 947. Thus, the parties' agreement does not and cannot confer the Court with federal subject-matter jurisdiction.

Accordingly, the Court finds that the Defendant has failed to establish the requirements for the exercise of this Court's subject-matter jurisdiction. Because the Court lacks subject-matter jurisdiction, the case must be remanded. The Clerk is directed to **REMAND** the case to the District Court for the City and County of Broomfield.

Dated this 21st day of July, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge